*146
OPINION OF THE COURT

NOW on this 10th of August, 2013, Petitioner, Mike Dobbins’ Appeal and Challenge of 2013 Run Off Election, comes on for consideration by the Court; Petitioner, Mike Dobbins, appears in person with counsel, Tim K. Baker, Respondent, Cherokee Nation Election Commission appears by and through their counsel, Harvey Chaffin, and Intervener, Don Garvin appears in person with counsel, Chadwick Smith and James Proszek.
This litigation concerns appeal by Petitioner, Mike Dobbins of the election results from the Run Off Election held on July 24, 2013. This Court has original jurisdiction pursuant to Article VII of the Constitution of the Cherokee Nation and Title 26 CNCA (LA-46-12) § 101, et. Seq.
A recount of the election results was held on August 1, 2013, under the supervision of this Court and Petitioner has timely appealed the election results for Council Member District 4, in which the results after the recount were as follows:
Voting Precinct
Don Garvin
Mike Dobbins
FORT GIBSON 150 231
WARNER 123 72
MUSKOGEE 79 41
TOTAL VOTES 352 344
Percent Votes 50.57% 49.43%
There being no change in the election results from the original Certification dated July 30, 2013.
The Petitioner raises five (5) separate causes of action alleging irregularities and violations of the election laws of the Cherokee Nation. Petitioner is required to meet a two-part test as to each cause of action alleged. First, Petitioner must show by a preponderance of the evidence that substantial violations of Title 26 or of any election procedure adopted by the Election Commission. Secondly, Petition must further show that such violation affected or had a strong likelihood of affecting the election outcome.

PROPOSITION I

Petitioner alleges that the Commission did not count absentee ballots for five (5) *147 voters by stating the absentee ballots contained illegible signatures. The rejected absentee ballots being challenged are as follows:
Marcia Lynn Kirk
Walther Lee Kirk
Dustin Michael Miller
Jaclyn Alice Toney
Jerry Wayne Graham
Muskogee Precinct
Muskogee Precinct
Muskogee Precinct
Muskogee Precinct
Warner Precinct
The court heard testimony regarding the decision to reject the above referenced ballots and also inspected the original ballots submitted to the Election Commission.
In reference to the ballots of Marcia Lynn Kirk and Walter Lee Kirk, the court examined the return envelopes and determined that the signatures thereupon did not match the name on the envelope. Marcia Lynn Kirk’s signature was on the return envelope issued to Walter Lee Kirk and Walter Lee Kirk’s signature was on the return envelope issued to Marcia Lynn Kirk. These ballots were properly rejected and not counted.
The ballot of Jerry Wayne Graham was rejected because no notary seal was affixed to the return envelope affidavit as required for the notarization to be valid. The Court heard testimony of witnesses concerning the decision to reject this ballot and inspected the original return envelope. The inspection of the envelope was consistent with the testimony as no notary seal was found on the envelope affidavit, and therefore finds that the absentee ballot of Jerry Wayne Graham was properly rejected and not counted.
Testimony regarding the ballots of Dustin Michael Miller and Jaclyn Alice Toney revealed that the absentee ballots were rejected based upon the questioning of the signatures contained on the return envelope affidavit. In making the decision to reject these ballots, the commissioner indicated that they inspected the signatures by comparing the signatures to the application for the Absentee ballot and/or the signature contained on the tribal registration. There is no authority or procedure in place that would allow such a determination to be made by the Election Commission, and would be a dangerous precedent to set. 26 CNCA 78 sets forth the requirement for the return of the absentee ballot and states “A voter shall mark his ballot in permanent ink, seal the ballot in the secrecy envelope, fill it out completely and sign the affidavit or statement in the presence of a notary public ...” An inspection of the original return envelope reveals that the ballot was dated, signed and properly notarized, therefore the Court finds that the absentee ballots of Dustin Michel Miller and Jaclyn Alice To-ney should have been accepted and counted.

PROPOSITION II

In support of Proposition II, Petitioner alleges that the Commission did not provide absentee ballots to voters who timely requested an absentee ballot to the following voters:
Tyrone Glenn Nero
Camelle Mario Brooks
Jessie M. Coulter
Annette MeNac
Suprena Evon McNac
Jennifer Anne Wilson
Fort Gibson Precinct
Muskogee Precinct
Fort Gibson Precinct
Fort Gibson Precinct
Fort Gibson Precinct
Fort Gibson Precinct
*148 Willoman Canellaus Brown, Sr.
Kelsey Lynn Girty
Raven Deon Rock
Elizabeth Tate
Joshua Allen Raley
Kelly Gene Lee
Alice Faye Owens
Fort Gibson Precinct
Warner Precinct
Warner Precinct
Warner Precinct
Fort Gibson Precinct
Fort Gibson Precinct
Fort Gibson Precinct
Title 26 Article 3 sets out the procedure for Absentee Voting. Section 75 states “When the Election Commission receives an absentee ballot request, the Election Commission shall . transmit the ballot to said voter. A record shall be made of all absentee ballots issued, with the name, date of birth, voter’s Cherokee Nation Membership registration number, date of issuance and address of the voter to whom it was issued. It was stipulated to by the parties that all of the above referenced individuals with the exception of Suprena Evon McNac that these individuals submitted requests for absentee ballots.
From the testimony of the Election Commission officials along with a review of the exhibits containing email correspondence between Sean Nordwall (Petitioner’s campaign manager), the Election Commission, and the Election Vendor along with the express mail receipts it is this Court’s opinion that there is overwhelming evidence to indicate that the voters that requested absentee ballots were mailed ballots and that the Election Commission went above and beyond what was required to ensure the delivery of the absentee ballots, in some cases even sent voter’s multiple ballots, overnight mailing of ballots, calling voters whose ballots were returned, and advising that individuals could cast a challenged ballot at the precinct. Additionally, there was evidence that some of these voters had provided incorrect addresses, (Alice Faye Owens see Exhibit B) and also that some voters had provided incorrect names (Jennifer Wilson see Gar-vin Exhibit 3), there was also email correspondence confirming that many of the requests made by Sean Nordwall confirmed to have received their ballots. The petitioner presented no evidence that ballots were not transmitted to the voter as required only that some of the individuals did not receive their ballots. The Petitioner failed to prove by a preponderance of the evidence that the Election Commission violated any provision of the Title 26 or the election procedures as it relates to the transmittal of Absentee Ballots. Therefore this proposition is without merit and had no affect on the outcome of the election,

PROPOSITION III

In Petitioner’s third cause of action, he alleges that the Commission included unlawfully cast and illegal votes in its tally for the 2013 Run-Off Election, by accepting five (5) challenged ballots wherein five (5) voters were allowed to vote in a precinct other than their registered precinct as set forth below:
Rachel Brassfield
Robert Yandell
Brenda McCoy
John Edward Johnson
Christian Boswell
Voted in Warner Precinct
Voted in Muskogee Precinct
Voted in Muskogee Precinct
Voted in Muskogee Precinct
Voted in Muskogee Precinct
Registered in Fort Gibson Precinct
Registered in Fort Gibson Precinct
Registered in Fort Gibson Precinct
Registered in Fort Gibson Precinct
Registered in Warner Precinct
*149 26 CNCA § 64 States as follows:
1. Voting procedure. If the precinct Voter List does not contain a voter’s name, or if a precinct official should challenge the voter’s right to vote for other reasons, said voter shall be allowed to vote only if the voter completes a voter registration application for a residence address within the district or as an At-Large voter and signs a statement swearing or affirming that the voter is currently eligible to vote in said precinct and has not already cast a regular or absentee ballot for said election
2. Preservation and Counting. Each challenged ballot shall be placed in a secrecy envelope attached to the voter registration application and statement executed by the voter. Challenged ballots shall not be counted at the time the ballots are cast, but shall be maintained in a separate box marked “challenged ballot box.” Following the close of the election, precinct officials designated by Election Commission regulation shall determine whether the person who cast a challenged ballot was entitled to vote in the precinct where the allot was cast. If the person was so entitled, the ballot will be opened, counted returned to the challenged ballot box and totaled with the other votes before certification of the election If the person was not entitled to vote, the ballot will not be counted, but will be returned to the challenged ballot box.
The first requirement in the procedure is that the individual must complete a voter registration application for a residence within the district. Rachel Brass-field cast a challenged ballot in Warner. Testimony from precinct official, Paula Girty, was that she “knew'” Ms. Brassfield lived within the Warner district and might have given her a voter registration packet but did not have her fill it out. An inspection of the actual challenged ballot filled out by Mr. Brassfield contains a written notation by Paula Girty “Went to Wrong Precinct.” The Court inspected all challenged ballots from both the Warner and Muskogee precinct and it was noted on the challenged ballot affidavit when the precinct official had the individual fill out a voter registration application (See Exhibit H challenged ballots of Johnson, Boswell, Yandell) There was no such notation on the challenged ballot of Rachel Brassfield. This is a specific violation of the Challenged Ballot procedure and Rachel Brass-field’s challenged Ballot was improperly accepted and should have been rejected.
Brenda Kay McCoy filled out a challenged ballot in Muskogee. Again there was no evidence presented that Ms. McCoy filled out a Voter Registration packet. The only notations made on the original challenged ballot states “Registered at Fort Gibson. Lives in Muskogee & refused to drive to Ft. Gibson.” Again, as in the absentee ballot of Rachel Brass-field, this is a specific violation of the Challenged Ballot procedure and Brenda Kay McCoy’s challenged ballot was improperly accepted and should have been rejected.
The Challenged Ballots of Robert Yan-dell, John Edward Johnson and Christian Boswell all filled out challenged ballots in Muskogee. Evidence was presented that Robert Yandell, John Edward Johnson and Christian Boswell all filled out Voter Registration Forms as indicated by the written notations on the front of the original challenged ballot filled out by the precinct official and further that the individual was eligible to vote in the precinct. The Court *150 finds that the challenged ballot procedure was correctly followed in reference to challenged ballots of Robert Yandell, John Edward Johnson and Christian Boswell, there was no violation of Title 26 or of the Election procedures therefore the ballots were properly accepted and counted.
Cherokee Nation Constitution Article VI. Section 3 states “Those residing within the boundaries must vote within the district of their residence.” Yandell, Johnson and Boswell all resided within district 4, no individual residing or registered to vote outside of district 4 was allowed to vote in the July 24, 2013 Run-Off, and in fact, all challenged ballots cast for this class of individuals were rejected by the Election Commission. (See Exhibit H absentee ballots of Stout, Wilbourn, Rader, Reheard, Clouse, and Exhibit I absentee ballot of Tittle)

Proposition IV

Petitioner alleges in proposition IV that the Commission did not count and tally all ballots cast by eligible voters which were received at each and every precinct. A stipulation was made by all parties that Anthony Alton King and Annette Lashel King did vote and their votes were included in the count which only leaves the allegation by Petitioner that Alice Faye Owens cast a vote and her vote was not included in the final tally. No evidence was presented by Petitioner in reference to this proposition therefore the Court will not address other than to state that Petitioner failed to meet their burden in reference to this allegation.

Proposition V

Petitioner alleges that the Precinct Board as appointed by the Commission failed to adequately and properly oversee the conduct of the 2013 Run-Off Election by failing to perform its specific duties at the Warner precinct of counting ballots
cast, making a tally thereof and posting a copy of the tally on the exterior of the precinct. It was stipulated to by all of the parties that a malfunction occurred with the machine at Warner. There was extensive testimony and evidence presented in reference to this allegation. The violation alleged by Petitioner is the failure to follow the procedures set out in 26 CNCA 12. C. 7, 8, & 10. It is undisputed that there was a machine malfunction that occurred at approximately 5:30 p.m,, attempts were made to work on the machine however the problem was not able to be fixed, at which time precinct officials contacted election commission officials. Precinct officials were instructed to make an official count of the total number of votes, post the count total at the Warner Precinct, with a notation that the official count would be posted at the election commission office. Luke Dobbins, watcher for Petitioner at the Warner precinct was present and observed the count, observed the securing of the ballots, and observed the ballots being placed in the trunk and observed the vehicle with the precinct officials leave the Warner precinct. The precinct officials delivered the ballots to the election commission at which time the ballots were counted again and the official Cherokee Nation election Certificate of Vote for District 4 Warner precinct was completed and placed on the outside door of the election commission office. The count total was 126 votes plus 3 challenged ballots, this was consistent with the count that was conducted at the Warner precinct. While this would be a violation of 26 CNCA § 12. C. 8, the Court does not find this to be a substantial violation, nor is there any evidence to suggest that his violation affected or had a strong likelihood of affecting the election outcome. There is not procedure set out in any of the statutes or election commission regulations on what to do in the event of a machine malfunction. It is the Court’s opinion that the commission *151 and the precinct officials acted in good faith and with due diligence to protect the integrity and security of the ballots and ballot box to, in light of this unforeseen circumstance.

Conclusion

Overall, there were two absentee ballots that were not counted that should have been counted, those being the absentee ballots of Dustin Michael Miller and Jaclyn Alice Toney. There were two challenged ballots that were accepted that should have been rejected, those being the challenged ballots of Rachel Brassfield and Brenda McCoy. If we give credit to Petitioner Dobbins for the two absentee ballots and subtract the two improperly accepted challenged ballots from candidate Don Garvin. The overall count would be as follows: Don Garvin 350 votes Mike Dobbins 346 votes. Our analysis leads us to conclude and FIND that the Petitioner has not met the burden of showing by a preponderance of the evidence that the violations shown in any way affected the outcome of this race and the Court is able to determine the correct election outcome with mathematical certainty. Accordingly the relief requested by the Petitioner is denied.
The Court would further commend the Election Commission for the hard work and dedication. It is evident that they went above and beyond to ensure the integrity of the election process.
IT IS SO ORDERED.
DARRELL DOWTY, Chief Justice, TROY WAYNE POTEETE, Justice, JOHN GARRETT, Justice, ANGELA JONES, Justice.